IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALEXANDER GALVAN,<br>    Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | Civil Action No. 4:08-CV-737-Y |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Alexander Galvan, TDCJ-ID #669391, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated in Beaumont, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. Factual and Procedural History

Galvan is serving a 75-year sentence on his 1994 state court conviction for aggravated assault in the 283rd Judicial District Court of Dallas County, Texas, Case No. F93-43418-RT. (Petition at 2) The Fifth District Court of Appeals of Texas affirmed the trial court's judgment of conviction on January 27, 1995. *Galvan v. Texas*, No. 05-94-157, slip op. (Tex. App.–Dallas Jan. 27, 1995, no pet.). Galvan did not file a petition for discretionary review. (Petition at 3) Thus, the judgment became final thirty days later on Monday, February 27, 1995. *See* Tex. R. App. P. 68.2(a).

Galvan has filed two relevant state applications for writ of habeas corpus challenging his 1994 conviction and/or sentence. The first, filed on June 16, 1998, was denied without written order by the Texas Court of Criminal Appeals on April 14, 1999. *Ex parte Galvan*, State Habeas Application No. 41,028-01, at cover. The second, filed on June 4, 2008, was dismissed as successive by the Texas Court of Criminal Appeals on September 17, 2008. *Ex parte Galvan*, State Habeas Application No. 41,028-02, at cover. Galvan filed this federal petition on December 11, 2008.[1] As ordered, Quarterman has filed a preliminary response addressing only the issue of limitations, to which Galvan replied.

## D. Issues

Galvan raises two grounds for habeas relief. (Petition at 7)

## E. Statute of Limitations

Quarterman asserts that Galvan's petition should be dismissed with prejudice because his petition is time-barred. (Resp't Preliminary Resp. at 4-6) The Antiterrorism and Effective Death

---

[1] In his petition, Galvan does not indicate the date he placed the petition in the prison mailing system, therefore he is not given the benefit of the mailbox rule. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Petitioners attacking convictions which became final before the AEDPA's effective date have one year from the effective date of the Act, or until April 24, 1997, to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

Under subsection (A), applicable to this case, the limitations period began to run on the date

3

on which the judgment of conviction became final by the expiration of the time for seeking direct review. The state court's judgment became final on February 27, 1995, prior to the effective date of the AEDPA. Thus, Galvan's petition was due on or before April 24, 1997, absent any applicable tolling. *Flanagan*, 154 F.3d at 202. Galvan's state habeas applications filed after the federal limitations period had already expired did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Galvan demonstrated that he is entitled to tolling as a matter of equity.

Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman*, 184 F.3d at 402. In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Galvan does not assert a valid reason for his failure to file his petition in a timely manner, and the record reveals none. Galvan argues that his constitutional claims should be considered because he is actually innocent of the offense. A claim of actual innocence, however, does not constitute the kind of rare and exceptional circumstance to warrant equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Thus, this is not a case where the petitioner should benefit from equitable tolling.

Galvan's federal petition filed on December 11, 2008, nearly fourteen years after his state conviction became final, was filed beyond the limitations period and is, therefore, untimely.

## II. RECOMMENDATION

Galvan's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 31, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 31, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 10, 2009.


       /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE